FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 8 - 2001

*[signature]*
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 01-246 LH/RLP
    Cr. No. 98-514 LH

MIGUEL MANUEL MONTOYA,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255. Mr. Montoya is currently confined at the Federal Correctional Institution at Three Rivers, Texas, where he is serving a 30-year sentence for violations of 21 U.S.C. § 846 (Count I: conspiracy to possess with intent to distribute five kilograms and more of cocaine, a Schedule II controlled substance; 20 years) and 18 U.S.C. §§ 2 & 924(C) (knowingly using and carrying a firearm during and in relation to a drug trafficking crime, namely, the cocaine distribution conspiracy alleged in Count I; 10 years mandatory sentence to run consecutively) pursuant to a plea agreement [Cr. Doc. 267].

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the Proposed Findings in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



2. Mr. Montoya entered into his Plea Agreement on July 28, 1999. The Sentencing hearing was held on March 2, 2000 [Cr. Doc. 364] and Judgment entered on April 10, 2000 [Cr. Doc. 366]. On June 26, 2000 the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2001)[2], which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at --, 120 S.Ct. at 2362-63. Additionally, when the amount of drugs is not specified in the indictment, the defendant may only be sentenced to a maximum of 20 years for defendants without a prior felony drug offense, or 30 years with a prior felony drug offense. *See United States v. Jackson*, 240 F.3d 1245, 1248 (10th Cir. 2001), *pet. for cert. filed* May 25, 2001 (No. 00-10251). Thus, factual elements of crimes must be pled in the indictment and submitted to a jury and proved beyond a reasonable doubt.

3. Mr. Montoya alleges that he received ineffective assistance of counsel for counsel's failure to "object to the relevant conduct under U.S.S.G. § 1B1.3 and conceded that no reasonable doubt existed regarding petitioner's involvement to the drug amount," Motion at 5. He also alleges that his Fifth and Sixth Amendment rights were violated by the Government's failure to specify the drug amount in the indictment, citing *Apprendi*. *Id.* at 8.

---

[2] The Government states that *Apprendi* was published on March 28, 2000, prior to judgment being entered in Mr. Montoya's case. However, the opinion states that it was *argued* on March 28 and *decided* on June 26, 2000. The opinion would not have been published prior to its being decided.

2

4.  A review of the sentencing hearing transcript indicates that the Government provided Mr. Montoya with the evidence against him, that Mr. Montoya agreed that the Government could prove its case beyond a reasonable doubt, and that he knowingly and voluntarily waived his right to a trial and to an appeal in exchange for a minimum sentence of 20 years for the drug charges and the 10-year mandatory sentence for using and carrying a firearm in the commission of a drug offense. He understood that the 10 year sentence was required to be served consecutively with his 20 year sentence as stated in the plea agreement. *See* Transcript of Proceedings, Exhibit A to Government's Response [Doc. 4] and Plea Agreement.

5.  Because Mr. Montoya's sentence did not exceed the statutory minimum of 20 years for the drug offense, *Apprendi* is not applicable to his case, even assuming that it could be retroactively applied on collateral review. There is nothing in the record to indicate that counsel was ineffective. Indeed, as the Government points out Mr. Montoya's sentence was based on a stipulated-sentence plea agreement, not based on any Guidelines base offense calculation. *Response* at 8-9.

6.  With regard to the carrying and use of a firearm, § 924(c)(1)(A) provides that use of an ordinary firearm results in a sentence of not less than five years' imprisonment. A finding that a defendant used a semiautomatic assault weapon increases the mandatory minimum sentence to 10 years. *See* § 924(c)(1)(B). Contrary to what the Government states in its Response, neither the Indictment [Cr. Doc. 41] nor the Second Superseding Indictment [Cr. Doc. 215] identified the firearm as an AR-15 semiautomatic assault weapon.

3

The "fact" of whether the weapon was a semiautomatic assault weapon determines whether the sentence is five or 10 years. Thus, as to the firearm conviction, *Apprendi* would apply.

    7.    During the plea hearing, the Government stated:

> The following morning, on July 1st, 1998, shortly after 6:00 a.m., federal agents executing a search warrant on Mr. Montoya's residence discovered a Colt AR-15 semiautomatic assault rifle in Montoya's bedroom. Expert testimony at trial would show that an AR-15 is virtually indistinguishable from an M-16 and that the only difference is that the M-16 is a fully automatic version of the AR-15. Witness testimony at trial would establish that the weapon Navarette sold to Montoya in exchange for the three-quarters ounce of cocaine given to him by Juarez was, in fact, the Colt AR-15 seized from Montoya's bedroom . . . [and thus] . . . comes within the definition of a semiautomatic assault rifle under 18 [U.S.C.] Section 924(c)(1)(B)(1).

Exhibit A to Response, Transcript at 21.[3]

    8.    The district judge asked Mr. Montoya whether he agreed with the substance of the proffered evidence and his counsel said he agreed with the substance, but not that he was the leader of the East Side Locos organization. *Id.* at 22. Mr. Montoya said he agreed with counsel's statement. *Id.* Mr. Montoya then pled guilty to both charges in the plea agreement. *Id.*

    9.    I agree with the government that the plea agreement and the admission of guilt moots any *Apprendi* claim Mr. Montoya might have with regard to the firearm charge. See *United States v. Walker*, 228 F.3d 1276, 1277 n.1 (11th Cir. 2000), *cert. denied*, --

---

[3] Bartering firearms for drugs is a "use" contemplated by § 924. *Smith v. United States*, 508 U.S. 223, 238-39 (1993).

4

U.S. --, 121 S.Ct. 1408 (2001). In the event the Tenth Circuit Court of Appeals would hold otherwise, the court will examine *Apprendi* by the rules set forth in *Teague v. Lane*, 489 U.S. 288 (1989. *See Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001) ("a *Teague* analysis remains applicable to *initial* habeas applications raising new rules of constitutional law [*sic*] under § 2555" (emphasis by the court)).

10. In *Teague*, the United States Supreme Court set forth two exceptions to the general rule that new constitutional rules of criminal procedure are inapplicable on collateral review:

> The first exception states that "a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal-law making authority to proscribe." . . . The second exception allows for retroactive application of "watershed rules of criminal procedure," those that "require[ ] the observance of those procedures that are implicit in the concept of ordered liberty." . . . This exception is further restricted to "those new procedures without which the likelihood of an accurate conviction is seriously diminished."

*Daniels v. United States*, -- F.3d --, 2001 WL 709103, *8 (10th Cir. 2001) (quoting *Teague*, 489 U.S. at 310-313) (other internal citations and quotation marks omitted)(brackets by the court).

11. The *Daniels* court held that *Apprendi* did not fit the first exception, *id.*, and declined to decide whether *Apprendi* fits the second *Teague* exception.[4] *Id.* at *9. However, a majority of courts that have considered the issue have held that *Apprendi* does not apply retroactively to cases on initial collateral review. *See United States v. McCloud*, 2001 WL 173776, *2 (D. Kan. 2001) (collecting cases). *But see United States v.*

---

[4] Both the *Browning* and *Daniels* cases concerned second or successive petitions, which raised issues not present in this case because this is Mr. Montoya's first petition.

*Hernandez*, 137 F.Supp.2d 919 (N.D. Ohio 2001); *Parise v. United States*, 135 F.Supp.2d 345 (D. Conn. 2001); *Darity v. United States*, 124 F.Supp.2d 355 (W.D.N.C. 2000). The primary reason given by the majority is that *Apprendi* involves sentencing and does not diminish the reliability of the conviction. See *McCloud*, 2001 WL 173776, *2. Until the Tenth Circuit rules on this issue, this court follows the majority and declines to apply *Apprendi* retroactively on collateral review.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255 be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge